FILED
2019 JAN 16 PM 3:40
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARNITA LEFF,<br>ANGELA MEEKS,<br><br>Defendants. | INDICTMENT<br><br>CASE NO. 1:19 CR 38<br><br>Title 18, Sections 1035, 1347, 1349, United States Code |

JUDGE ADAMS

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

**A. Defendants and Partners to Empowerment Wellness Center, LLC**

1. Defendant ARNITA LEFF was an owner and operator of Partners to Empowerment Wellness Center, LLC ("PTEW"). LEFF was a licensed social worker.

2. C.K. was an owner and operator of PTEW. C.K. held a master's degree in social work.

3. Defendant ANGELA MEEKS was retained as the primary biller.

4. S.I. was retained as a licensed independent social worker.

5. Throughout 2013 and 2014, PTEW obtained behavioral health provider status with several Ohio Medicaid Managed Care Organizations (MCOs), including CareSource, Buckeye, Molina, and Paramount. S.I. executed the provider agreements on behalf of PTEW with these MCOs agreeing to abide by the rules and regulations of the Ohio Medicaid program.

6. From on or about January 28, 2014 to on or about January 24, 2017, PTEW submitted claims using PTEW's Tax-ID number and S.I.'s NPI number.

7. PTEW was located at 3681 South Green Road, Suite 406, Beachwood, Ohio 44122, within the Northern District of Ohio.

8. PTEW, through LEFF and C.K., established informal agreements to provide yoga and other holistic services with various non-profit agencies that provided programs for at-risk youth, homeless women, and families who need assistance throughout Cleveland, Ohio, located within the Northern District of Ohio.

**B.  Medicaid**

9. Medicaid was a federal health care benefit program designated to provide medical services, equipment, and supplies to certain individuals and families with low income as outlined in the Social Security Act (Title 42, United States Code, Section 1396 et seq.). Medicaid was a health care benefit program within the meaning of Title 18, United States Code, Sections 24(b) and 1347; it was a public plan, affecting commerce, under which medical benefits, items and services were provided to individuals. The Centers for Medicare & Medicaid Services ("CMS") was a federal agency within the United States Department of Health and Human Services and was responsible for administering the Medicaid programs. CMS had the authority to make coverage and medical necessity determinations.

10. The United States Department of Health and Human Services ("HHS") historically funded approximately sixty percent of Ohio's Medicaid program. The Ohio Department of Medicaid ("ODM") administered the Ohio Medicaid program. Ohio providers claimed Medicaid reimbursement from ODM pursuant to written provider agreements. ODM received, processed, and paid those claims according to Medicaid rules, regulations, and procedures.

11. Medicaid Managed Care Organizations were private Managed Care Organizations (MCO) that entered into contracts with the ODM pursuant to Ohio Revised Code Section 5164.85. ODM coordinated the medical assistance program with group health plans in such a manner that the medical assistance program served as a supplement to the group health plans. The Ohio Medicaid program was comprised of ODM and the Ohio Medicaid MCO(s) who contracted with ODM.

12. The MCOs contracted directly with healthcare providers to coordinate care and provided the health care services for Medicaid beneficiaries. Providers who contracted with MCOs were known as Participating Providers. Pursuant to the contracts, ODM distributed the combined state and federal Medicaid funding to the MCOs, which then paid Participating Providers for qualified services rendered to Medicaid beneficiaries.

13. CareSource, Buckeye, Molina, and Paramount were Ohio Medicaid MCOs and were health care benefit programs under Title 18, United States Code, Sections 24(b) and 1347.

**C.    Reasonable and Necessary Services**

14. The Ohio Medicaid program prohibited payment for items and services that were not "reasonable and necessary" to diagnose and treat an illness or injury. The Ohio Medicaid program prohibited payment for items and services that were not performed and/or supervised by a qualified professional provider pursuant to state and federal laws and regulations. Medicaid and the Ohio Medicaid MCOs required providers to certify that services were medically necessary, performed and/or supervised by a qualified professional, and create and maintain records documenting services for six years.

**D.    Billing**

15.    The American Medical Association assigned and published five-digit codes, known as the Current Procedural Terminology ("CPT") and Level 1 Healthcare Common Procedure Coding System ("HCPCS") codes. The codes were a systematic listing of procedures and services performed or ordered by health care providers. The purpose of the terminology was to provide uniform language that accurately described medical, surgical, and diagnostic services and supplies, thereby providing an effective means for reliable nationwide communication among providers, patients and third parties. Each health care benefit program established a fee reimbursement for each service described by a CPT and HCPCS codes. The procedures and services represented by CPT and HCPCS codes were health care benefits, items, and services within the meaning of Title 18, United States Code, Section 24(b).

16.    Specific CPT codes were assigned for psychiatric and psychotherapy services provided to patients. Among these, health care providers utilized CPT code 90791 for the purposes of identifying psychiatric diagnostic evaluation. By using 90791, providers indicated that they conducted an integrated biopsychosocial assessment, a patient history, psychiatric history, a complete mental status exam, and established a tentative diagnosis. In addition, CPT code 90791 required the provider to make recommendations for a proposed treatment plan.

17.    Specific CPT code 90837 was assigned for the purpose of identifying sixty (60) minutes of individual psychotherapy. Psychotherapy was the treatment of mental illness and behavioral disturbances in which the physician or other qualified health care professional, through definitive therapeutic communication, attempted to alleviate the emotional disturbances, reverse or change maladaptive patterns of behavior, and encouraged personality growth and

4

development. For a provider to properly utilize 90837, the provider must meet face-to-face with the patient, individually, for sixty minutes.

18. Medicaid and Medicaid MCOs reimbursed health care providers at increasing rates based upon whether the provider met individually with the patient or in a group setting. For example, CPT code 90837, which indicated sixty (60) minutes of individual psychotherapy, was reimbursed at a higher rate than CPT code 90853, which indicated group psychotherapy.

19. Pursuant to Ohio Administrative Code Section 4757-23-01, in order for CPT codes 90791, 90837, and 90853 to be properly reimbursed by the Ohio Medicaid program (ODM and Medicaid MCOs), the actual service must have been performed.

20. Pursuant to O.A.C. 4757-23-01, in order for CPT codes 90791, 90837, and 90853 to be reimbursed by the Ohio Medicaid program, these service(s) must have been performed by a provider who held the qualified credentials. This included a licensed independent social worker, a licensed professional clinical counselor, an independent marriage and family therapist, a psychologist, a psychiatrist, or a registered nurse with a master's degree with a specialty in psychiatric nursing. A licensed social worker engaged in social psychotherapy must be supervised by one of these listed professionals in order for the claim to be reimbursable. Services billed under these CPT codes that were rendered by a professional who held a master's degree in social work were never reimbursable, regardless of supervision.

21. Yoga, anger management, social skills, and holistic services were not reimbursable by the Ohio Medicaid program under CPT codes 90791, 90837, and 90853 or any CPT codes.

SCHEME TO DEFRAUD

22. It was part of the scheme to defraud the Ohio Medicaid program that at various times LEFF and MEEKS:

   a. Used the NPI number of S.I., licensed independent social worker, to submit claims without her review of treatment plans or supervision as was required under O.A.C. 4757-23-01;

   b. Billed the individual counseling CPT code 90837, but any service provided was in a group setting;

   c. Billed for services that were not reimbursable, such as yoga, anger management, social skills, and holistic services; and

   d. Billed for services not rendered, including psychotherapy for parents of children that never received services and for psychological diagnostic evaluations that were never conducted.

COUNT 1
(Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349)

The Grand Jury charges:

23. The Grand Jury realleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 22 of the Indictment as if fully set forth herein.

24. From on or about January 28, 2014 continuing to on or about January 24, 2017, in the Northern District of Ohio, Eastern Division, Defendants ARINTA LEFF and ANGELA MEEKS, and others did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others both known and unknown, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations and promises, money owned

6

by, and under the custody and control of, a health care benefit program, namely, the Ohio Medicaid program, which was comprised of Medicaid and Ohio Medicaid Managed Care Organizations, in connection with the delivery of or payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347 (Health Care Fraud).

## OBJECTS OF THE CONSPIRACY

25. The objects of the conspiracy were to (1) submit billings for service not rendered, not properly rendered and/or supervised by a qualified provider, and/or not reimbursable by the Ohio Medicaid program; (2) defraud the Ohio Medicaid program; (3) obtain payments on claims to which the conspirators knew they were not entitled; (4) enrich the conspirators; and, (5) prevent detection of their conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

26. The manner and means of carrying out of the conspiracy included the conduct alleged in paragraph 22 above.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-9
(Health Care Fraud, in violation of 18 U.S.C. § 1347)

The Grand Jury further charges:

27. The Grand Jury realleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 22 of the Indictment as if fully set forth herein.

28. From on or about January 28, 2014 to on or about January 24, 2017, Defendants ARNITA LEFF and ANGELA MEEKS did devise and intend to devise a scheme and artifice to defraud and to obtain money from federal health care benefit programs by means of false and fraudulent pretenses, representations and promises, to wit: the Scheme to Defraud alleged in paragraph 22.

29. From on or about January 28, 2014 to on or about January 24, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ARNITA LEFF and ANGELA MEEKS knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Ohio Medicaid program, which was comprised of Medicaid and Ohio Medicaid Managed Care Organizations, and to obtain by means of false and fraudulent pretenses, representations described herein, money and property owned by, and under the custody and control of the Ohio Medicaid program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Sections 1347.

30. On or about the dates listed below, in the Northern District of Ohio, Eastern Division and elsewhere, LEFF and MEEKS did execute and attempt to execute the scheme described above by submitting the claims for reimbursement set forth below, each submission constituting a separate count:

| Count | Defendant | Service Date | Claim Date | Amount Claimed | Service | Beneficiary |
|---|---|---|---|---|---|---|
| 2 | LEFF/MEEKS | 7/3/2015 | 7/30/2015 | $90 | CPT 90837 | A.R.W. |
| 3 | LEFF/MEEKS | 1/19/2017 | 1/25/2017 | $90 | CPT 90837 | T.C. |
| 4 | LEFF/MEEKS | 6/25/2015 | 7/16/2015 | $90 | CPT 90837 | D.B. |
| 5 | LEFF/MEEKS | 6/20/2016 | 7/20/2016 | $90 | CPT 90837 | E.R. |
| 6 | LEFF/MEEKS | 5/2/2016 | 5/21/2016 | $90 | CPT 90837 | W.A. |
| 7 | LEFF/MEEKS | 5/2/2016 | 5/21/2016 | $90 | CPT 90837 | A.S. |
| 8 | LEFF/MEEKS | 1/23/2017 | 1/25/2017 | $90 | CPT 90837 | S.B. |
| 9 | LEFF/MEEKS | 7/23/2014 | 8/27/2014 | $90 | CPT 90837 | M.D. |

All in violation of Title 18, United States Code, Section 1347.

## COUNT 10
(False Statement Relating to Health Care Matters, in violation of 18 U.S.C. § 1035)

The Grand Jury further charges:

31. The Grand Jury realleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 22 of the Indictment as if fully set forth herein.

32. On or about September 7, 2016, in the Northern District of Ohio, Eastern Division, Defendant ANGELA MEEKS, in a matter involving a health care benefit program, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, and make and use any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services; to wit, MEEKS made and submitted false progress notes for Medicaid beneficiary R.B.

All in violation of Title 18, United States Code, Section 1035.

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.